# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Priority Mail Express Package EI444251079US, located at Moore County Sheriff's Office, 302 S McNeill Street, Carthage, NC 28327 | )<br>)<br>)  Case No. 1:23MJ190<br>)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Priority Mail Express Package EI444251079US, located at Moore County Sheriff's Office, 302 S McNeill Street, Carthage, NC 28327

located in the _____Middle_____ District of _____North Carolina_____, there is now concealed *(identify the person or describe the property to be seized)*:

U.S. currency, money orders, monies, or proceeds and payments, and documents reflecting the distribution of controlled substances through the U.S. Mail.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a) | Distribution/Possession with Intent to Distribute Controlled Substances |
| 21 USC 846 | Conspiracy to Distribute Controlled Substances |
| 18 USC 1956 and 1957 | Laundering of Monetary Instruments/Engaging in Monetary Transactions |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Tyler Cheek
*Applicant's signature*

Tyler Cheek, Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___telephone___ *(specify reliable electronic means)*.

Date: 05/02/23

*Judge's signature*

City and state: Greensboro, North Carolina    Hon. L. Patrick Auld, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

The undersigned, being duly sworn, deposes and states:

1. I, Tyler Cheek, am a United States Postal Inspection Service ("USPIS") Task Force Officer and have been so employed since 2022. I am currently assigned to the Contraband Interdiction and Investigations Team in Raleigh, North Carolina and am responsible for the investigation of narcotics, drug trafficking organizations, and money laundering. I have received training by the USPIS, and members of the USPIS, in the investigation of controlled substances or proceeds/payments being transported through the United States. I am a Detective Sergeant with the Moore County Sheriff's Office have been a sworn deputy with the Moore County Sheriff's Office Since May of 2016. I started my career with the Moore County Sheriff's Office as a Detention Officer at the Moore County Detention Center in May of 2016. I have received over 1,000 hours of law enforcement training. I have received this training from the North Carolina Justice Academy as well as others across the state. In November of 2018 I attended the Federal/State Drug Investigation Training Conference. In September of 2020 I became certified as a Prescription Drug Diversion Investigator. I have assisted other agencies in numerous drug violations and investigations related to the sales and possession of illegal narcotics. I am familiar with the appearance of scheduled prescription pills, powder

cocaine, crack cocaine, marijuana, and methamphetamines. I am also familiar in the manner in which all of it is packaged for distribution and sales. In March of 2018 I was promoted to Detective Sergeant and began working with the Narcotic's Division at the Moore County Sheriff's Office as a Narcotics Investigator. I have been involved in and have assisted in numerous drug investigations and arrests since becoming a Narcotics Investigator.

2. This affidavit is submitted for the limited purpose of establishing probable cause for the search warrant sought. I have not set forth each and every fact known to me concerning this investigation. I have included what I believe are facts sufficient to establish probable cause that violations of Title 21, United States Code Sections 841(a) and 846, and Title 18, United States Code, Sections 1956 and 1957, have occurred, are occurring, and will occur. The information contained in this affidavit is based upon my personal knowledge and investigation, as well as information conveyed to me by other law enforcement agents and employees.

3. In or around March of 2022, the USPIS and Drug Enforcement Administration ("DEA") initiated an investigation into a Drug Trafficking Organization ("DTO") operating between the Middle District of North Carolina and the District of Arizona. A review of United States Postal Service ("USPS") business records identified multiple packages that were

2

mailed from the Middle District of North Carolina, as well as other Districts within the United States, to multiple addresses within the District of Arizona. USPS business records confirmed one of these addresses was 12727 W. Glendale Ave, Lot 50, Glendale AZ 85307. USPIS Inspector Wicks suspected the packages to contain drug proceeds, based on the identification of fictious names, fictious addresses, and other information he knows through his training and experience to be indicative of drug trafficking.

4. A further review of USPS business records identified packages mailed from the District of Arizona to the Middle District of North Carolina, which Inspector Wicks believed to contain drugs. I know through my training and experience that DTOs routinely send drugs from source state locations and then receive the drug proceeds from the non-source state to various addresses. The drugs are often provided on consignment or paid for in advance of receiving the drug shipments.

5. On March 23, 2022, Inspector Wicks conducted a review of USPS business records pertaining to this investigation and identified Priority Mail Package 9505 5107 2628 2080 3279 72 (hereafter, "Subject Parcel 1") that was mailed from Phoenix, Arizona, to 420 Center Baptist Church Road, Jackson Springs, NC 27281. On this same date, the Honorable United States Magistrate Judge L. Patrick Auld issued a search warrant (1:22 MJ 145) for Subject Parcel 1. A search of Subject Parcel 1 led to the seizure of

3

approximately 1,417 grams of a substance that field tested positive for the presence of methamphetamine.

6. On February 3, 2023, I conducted a review of USPS business records pertaining to this investigation and identified Priority Mail Express Package EI160642614US (hereafter, "Subject Parcel 2") that was mailed from Greensboro, NC, to 12727 W. Glendale Ave, Lot 50, Glendale AZ 85307. Inspector Wicks determined Subject Parcel 2 related to Subject Parcel 1. Subject Parcel 2 was addressed from "Garrett Larson," with a listed sender's address of 1410 Gracewood Dr, Greensboro, NC 27408. Subject Parcel 2 was addressed to "Carmen Valenzuela", with a listed receiving address of 12727 W Glendale Ave, Lot 50, Glendale, AZ 85307. The sender's name of "Garrett Larson" was found to be fictitious, the significance of which is listed below.

7. On February 6, 2023, the Honorable United States Magistrate Judge L. Patrick Auld issued a search warrant (1:23 MJ 62) for Subject Parcel 2. A search of Subject Parcel 2 was conducted, and it was found to contain a portable safe. Located within the safe was $20,000.00 in U.S. currency that was vacuum sealed. Packaging material contained within Subject Parcel 2 was sent to the USPIS laboratory for fingerprint analysis. On February 17, 2023, the Forensic Laboratory Examination Report was returned for Subject Parcel 2. The report indicates fingerprints belonging to Nicholas

4

Tyler Curry were present on the examined packaging material. Subject Parcel 2 was later returned to the mail stream.

8. On February 21, 2023, I conducted a review of USPS business records pertaining to this investigation and identified Priority Mail Express Package EI547918770US (hereafter, "Subject Parcel 3") that was mailed from Greensboro, NC, to 12727 W. Glendale Ave, Lot 50, Glendale AZ 85307. Subject Parcel 3 was addressed from "Garrett Larson," with a listed sender's address of 1410 Gracewood Dr, Greensboro, NC 27408. Subject Parcel 3 was addressed to "Carmen Valenzuela", with a listed receiving address of 12727 W Glendale Ave, Lot 50, Glendale, AZ 85307. The sender's name of "Garrett Larson" was found to be fictitious, the significance of which is listed below.

9. On February 22, 2023, the Honorable United States Magistrate Judge L. Patrick Auld issued a search warrant (1:23 MJ 90) for Subject Parcel 3. A search of Subject Parcel 3 was conducted, and it was found to contain $17,760.00 in U.S. currency that was vacuum sealed. Packaging material contained within Subject Parcel 3 was sent to the USPIS laboratory for fingerprint analysis. On March 7, 2023, the Forensic Laboratory Examination Report was returned for Subject Parcel 3. The report indicates fingerprints belonging to Nicholas Tyler Curry were present on the

examined packaging material Subject Parcel 3 was later returned to the mail stream.

10. On April 19, 2023, I conducted a review of USPS business records pertaining to this investigation and identified Priority Mail Express Package EI535116440US (hereafter, "Subject Parcel 4") that was mailed from Greensboro, NC, to 12727 W. Glendale Ave, Lot 50, Glendale AZ 85307. Subject Parcel 4 was addressed from "Garrett Larson," with a listed sender's address of 1410 Gracewood Dr, Greensboro, NC 27408. Subject Parcel 4 was addressed to "Carmen Valenzuela", with a listed receiving address of 12727 W Glendale Ave, Lot 50, Glendale, AZ 85307.

11. On April 20, 2023, the Honorable United States Magistrate Judge Joi Elizabeth Peake issued a search warrant (1:23 MJ 178) for Subject Parcel 4. A search of Subject Parcel 4 was conducted, and it was found to contain $23,300.00 in U.S. currency that was vacuum sealed. Packaging material contained within Subject Parcel 4 was sent to the USPIS laboratory for fingerprint analysis. Subject Parcel 4 was later returned to the mail stream.

12. On May 1, 2023, I conducted a review of USPS business records pertaining to this investigation and identified Priority Mail Express package EI444251079US (hereafter, "Subject Parcel 5") mailed from Greensboro, North Carolina. Subject Parcel 5 was confirmed to be in transit to 12727 W. Glendale Ave, Lot 50, Glendale AZ 85307. Based on the above information,

I traveled to the Greensboro USPS facility located at 1120 Pleasant Ridge Road and conducted a review of Subject Parcel 5. Subject Parcel 5 was confirmed to have been mailed from Greensboro, the label was handwritten in ink, and the postage was paid for in cash. I then transported Subject Parcel 5 to the Moore County Sheriff's Office.

13. The Subject Parcel is described as follows:

    A. Addressed to: "Carmen Valenzuela 12727 W. Glendale Ave Lot 50 Glendale, Az 85307"

    B. From: "Garrett Larson 1410 Gracewood Dr. Greensboro, Nc 27408

    C. Size: approximately 9 1/2" X 12 1/2"

    D. Weight: approximately 2 pounds 14 ounces

    E. Postage affixed: $29.45

    F. Physical description: a white and blue padded flat rate envelope bearing tracking number EI444251079US.

14. I conducted a review of available law enforcement databases and determined that Carmen Valenzuela does associate with the address of 12727 W. Glendale Ave Lot 50. I also conducted a review of available law enforcement databases and determined that no one by the name of Garrett Larson associates with the address of 1410 Gracewood Dr., Greensboro, NC 27408. As previously noted, this name was previously found to be fictitious as it relates to the mailing of Subject Parcel 2, Subject Parcel 3 and Subject

7

Parcel 4.

15. Priority Mail Express was established for business-to-business mailings. Due to the high cost of shipping, and the possibility of a package not being delivered to the intended location, businesses and individuals who use Priority Mail Express consistently list a return address in the instance the package cannot be delivered to the intended location. Thus, this allows the package to be returned to the sender's address. It is also common for individuals to use abbreviated names to deter law enforcement from identifying them.

16. It is my request that if the contents of Subject Parcel 5 are revealed to be U.S. currency, money orders, monies, or proceeds and payments, and documents reflecting the distribution of controlled substances, and also contain cover and/or concealment materials such as sealed envelopes, inner boxes, or similar related packaging materials, that law enforcement be afforded the option to seize only the non-monetary contents and related packaging or cover materials for the purpose of obtaining latent fingerprints and DNA evidence, if feasible. If this option is employed, law enforcement will then replace the cover and/or concealment materials, inner boxes, or similar related packaging materials with replica cover and/or concealment materials, inner boxes, or similar related packaging materials. The U.S. currency, money orders, monies, or proceeds and payments, and documents

8

reflecting the distribution of controlled substances will be documented via photographs and other means, then be placed back into the replica cover and/or concealment materials, inner boxes, or similar related packaging materials, and Subject Parcel 5 will be placed back into the U.S. Mail for delivery.

17. I am aware, through my training and experience, that people who utilize the U.S. Mail to distribute controlled substances and/or monetary payments related thereto commonly use fictitious names and addresses to attempt to avoid detection by law enforcement agencies. I am also aware that Arizona is a source state, and that North Carolina is a known destination for controlled substances through the U.S. Mail.

18. I am aware, also through training and experience, that people often use the U.S. Mail, specifically Express, Priority Mail Express and Priority Mail, for the delivery of controlled substances and narcotics proceeds for various reasons, some of which are listed below:

    A. Items sent via Express, Priority Mail Express, and Priority Mail are considered First-Class Mail. Therefore, these items cannot be examined without a federal search warrant.

    B. Express, Priority Mail Express, and Priority Mail are generally expected to be delivered in one to three days. This assures the sender of expedited delivery.

9

C. Various dispatch times (times which a mailed item is transported to the next destination) are available to customers upon request and provide the sender an opportunity to have some control as to the arrival of the mailed item.

D. Individuals desiring to either send or receive controlled substances and payments for these substances through the U.S. Mail can do so without having to provide identification. This reduces the possibility of revealing their true identity.

E. Individuals use the U.S. Mail to send payment, often large sums of currency, for the controlled substances they have purchased. It is common for the currency to come into contact with the narcotics during drug transactions. It is further common for the currency to pick up the odor of narcotics when they come into contact. The narcotic odor on currency typically dissipates after approximately one week.

## Information Regarding the Use of a Drug Detecting Canine

19. On May 1, 2023, Deputy Collins of the Harnett County Sheriff's Office ("HCSO"), assigned to the Narcotics Impact Team as a canine handler, was contacted regarding Subject Parcel 5. Deputy Collins and drug detecting canine Spike ("Spike"), responded to the Moore County Sheriff's Office in the Middle District of North Carolina.

20. Subject Parcel 5 was placed in a lineup with four other parcels at the Moore County Sheriff's Office, none of which contained a controlled substance. Spike walked among the parcels. Spike alerted only to Subject Parcel 5 by sitting and staring at Subject Parcel 5, which was Spike's signal to indicate the scent of a controlled substance. The examination took place at approximately 9:30 p.m. on May 1, 2023.

21. Deputy Collins has been a sworn law enforcement officer for the past seven years and is currently employed as a deputy sheriff with the HCSO. Deputy Collins has received over 180 hours of instruction and training in narcotics enforcement, narcotics related investigations, criminal/drug interdiction and legal updates while attending basic, intermediate, and advanced police schools. Deputy Collins has initiated and/or assisted in hundreds of narcotics related investigations and has initiated and/or supervised hundreds of investigations leading to the arrest and conviction of narcotics users, street level dealers and traffickers in the State of North Carolina.

22. In May of 2019, Deputy Collins was selected by the HCSO to be a canine handler with HCSO. Deputy Collins and Spike are a certified narcotics detection team through the International Police Work Dog Association ("IPWDA"). Deputy Collins and Spike are credited with locating large quantities of illegal narcotics and bulk United States currency while conducting criminal interdiction investigations, and assisting with various

11

local, state, and federal narcotics investigations.

23. In 2022, the HCSO purchased Spike from Ventosa Kennels in Scotland Neck, North Carolina. Spike is a male German Shepard, a breed specifically selected for their keen senses and ability to be trained to detect the odor of controlled substances. Deputy Collins and Spike attended and successfully completed the HCSO canine training program, which consisted of over 200 hours of training in which Deputy Collins and Spike were trained and tested as a canine team in their proficiency in locating the odors of crack cocaine, cocaine hydrochloride, heroin, methamphetamine, and ecstasy. Spike has proven to be consistent, reliable, and proficient in the detection of the above listed odors.

24. Deputy Collins and Spike were originally certified as a Narcotics Detection Team by the International Police Working Dog Association in the detection of crack cocaine, cocaine hydrochloride, heroin, methamphetamine, and ecstasy. Deputy Collins and Spike most recently certified as a Narcotics Detection Team with the IPWDA on August 23, 2022. This certification is valid for 15 months from the date of issuance.

25. Spike is trained to "passively alert" after detecting the odor of narcotics for which he has been trained. This "passive alert" consists of a physical reaction which ultimately ends in him coming to a sitting position when the odor of narcotics, for which he is trained, is detected. Spike also exhibits

various mental and physical reactions which are noticeable to Deputy Collins, which include changes in his behavior such as becoming possessive of the area, a refusal to leave an area where the odor of narcotics is detected, and changes in his breathing rate and sniffing patterns.

26. Spike undergoes frequent training for the detection of concealed controlled substances, which is on-going to ensure his proficiency. Deputy Collins also frequently consults various periodicals and law enforcement bulletins to stay informed about current trends utilized by narcotics traffickers to include advanced narcotic concealment and packaging methods.

27. Deputy Collins and Spike have assisted various local, state, and federal law enforcement officers in hundreds of narcotics investigations. Deputy Collins has successfully demonstrated the ability to properly deploy and maintain a police narcotics canine and effectively locate controlled substances with the assistance of Spike that have been concealed in a variety of locations. Since being placed into service in August of 2022, multiple search warrants (state and federal) have been issued based on probable cause provided by positive alerts by Spike, resulting in the seizure of large quantities of controlled substances and bulk United States currency.

## Conclusion Regarding Probable Cause

28. Based on the above facts, I have probable cause to believe that Subject Parcel 5 will contain contraband and/or evidence in violation of Title 21,

13

United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Sections 1956 and 1957. As such, I respectfully request that a Search Warrant be issued for Subject Parcel 5.

/s/ Tyler Cheek
Tyler Cheek
Task Force Officer
USPIS

In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this ___2nd___ day of May, 2023, at ___1:43___ a.m./p.m.

_____
The Honorable L. Patrick Auld
United States Magistrate Judge